O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUVDARTS LLC, a California limited liability company; and DAVIS-REUSS, INC. dba DIGIPIE, a California corporation, | ) ) ) ) ) | Case No. CV 10-05442 DDP (RZx) **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| Plaintiff, | ) ) ) | [Motion filed on 12/22/2010] |
| v. | ) ) | |
| AT&T MOBILITY, LLC, a Delaware Limited Liability Companyh; VERIZON WIRELESS TELECOM, INC., a Delaware Corporation; SPRINT NEXTEL CORPORATION, a Kansas for Profit Corporation T-MOBILE USA, INC., a Delaware corporation , | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Defendants AT&T Mobility, LLC, Cello Partnership d/b/a Verizon Wireless, Sprint Spectrum LP, and T-Mobile USA, Inc. (collectively "Defendants") move the court to dismiss Luvdarts, LLC and Davis-Reuss, Inc.'s (collectively "Plaintiffs"') First Amended Complaint ("FAC"). Having reviewed the parties' arguments and heard oral argument, the court GRANTS Defendants' motion to dismiss.

1  **I.   BACKGROUND**

2      Plaintiffs produce and sell mobile multimedia messaging

3  content (a.k.a. "MMS"). (FAC ¶ 14.)  Plaintiffs began to develop

4  such messaging content in 2007, and their message content includes

5  greeting card style messages with text, graphics, video, and

6  musical material. (<u>Id.</u> ¶ 19.)  Plaintiffs' business model relies,

7  in large part, on consumers sending a MMS to an intended recipient

8  once. (<u>Id.</u> ¶ 20.)

9      Defendants are wireless carriers.  In or around 2000,

10  Defendants "began developing a []system that would enable customers

11  to share multimedia from one mobile device directly to another

12  mobile device," and that system was deployed for public use in or

13  around 2002. (<u>Id.</u> ¶ 25.)

14      In July 2010, Plaintiffs brought suit against Defendants,(Dkt.

15  No. 1.), arguing that Defendants created a system that infringes

16  and/or encourages direct infringement of Plaintiffs' copyrights.

17  (FAC ¶ 26.) Defendants now move to dismiss Plaintiffs' complaint

18  for failure to state a claim.

19  **II.   LEGAL STANDARD**

20      Rule 8 of the Federal Rules of Civil Procedure "requires more

21  than labels and conclusions, and a formulaic recitation of the

22  elements of a cause of action will not do . . .  Factual

23  allegations must be enough to raise a right to relief above the

24  speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,

25  555 (2007).  When considering a 12(b)(6) motion to dismiss for

26  failure to state a claim, "all allegations of material fact are

27  accepted as true and should be construed in the light most

28

2

1  favorable to the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447

2  (9th Cir. 2000).

3       A court need not accept as true conclusory allegations or

4  allegations stating a legal conclusion.  <u>In re Stac Elecs. Sec.</u>

5  <u>Litig.</u>, 89 F.3d 1399, 1403 (9th Cir. 1996); <u>Iqbal v. Ashcroft</u>, 129

6  S.Ct. 1937, 1940-41 (2009) ("mere conclusions[] are not entitled to

7  the assumption of truth.").  A court properly dismisses a complaint

8  on a Rule 12(b)(6) motion based upon the "lack of a cognizable

9  legal theory" or "the absence of sufficient facts alleged under the

10 cognizable legal theory."  <u>Balistreri v. Pacifica Police Dep't</u>, 901

11 F.2d 696, 699 (9th Cir. 1990).  The plaintiffs must allege

12 "plausible grounds to infer" that their claims rise "above the

13 speculative level."  <u>Twombly</u>, 550 U.S. at 547.  That is, the

14 plaintiffs' obligation requires more than "naked assertions devoid

15 of further factual enhancement."  <u>Iqbal</u>, 129 S.Ct. at 1949

16 (internal quotations removed).

17 **III. DISCUSSION**

18      Plaintiffs bring two claims for relief.[1]  First, Plaintiffs

19 argue that Defendants have induced infringement of Plaintiff's

20 copyright in violation of 17 U.S.C. §§ 106, 501.  (FAC ¶¶ 43-53.)

21 Second, Plaintiffs claim that Defendants vicariously infringed

22 their copyrights.  (<u>Id.</u> ¶¶ 54-62.)

23      As a threshold matter, in order for Plaintiffs to allege that

24 Defendants are secondarily liable, Plaintiffs must allege

25 underlying direct infringement for which particular defendants are

26 liable.  <u>See</u> <u>MDY Indus., LLC v. Blizzard Entm't, Inc.</u>, 2010 WL

27

28      [1] Plaintiffs waived their Unfair Competition claim, and it is
   therefore dismissed.  (Pl's Opp'n 19:14-19.)

5141269, at *4 (9th Cir. Dec. 14, 2010) ("To establish secondary infringement, [the plaintiff] must first demonstrate direct infringement."); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 n.2 (9th Cir. 2001) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party."). Defendants argue that Plaintiffs have not identified with sufficient particularity which works were infringed and therefore fail to satisfy this threshold pleading requirement. Plaintiffs, however, have included a list of works that Plaintiffs state were distributed via Defendants' MMS networks in violation of Plaintiffs' related copyrights. (FAC, Ex. A; FAC ¶ 24.) For purposes of a motion to dismiss, the court finds that Plaintiffs have plead sufficient facts to make a plausible claim that their copyright was infringed. The court, therefore, proceeds to consider Plaintiffs' infringement claims.

### A. Inducement / Contributory Infringement

In order to support a claim of secondary liability, Plaintiffs must allege "culpable intent" and an "illegal objective." See MGM v. Grokster, 545 U.S. 913, 934-35, 939-41 (2005); see also Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1171 (9th Cir. 2007).

Defendants argue that Plaintiffs' allegation that Defendants "designed, deployed and participated in technology which allows for and encourages the free transfer" of Plaintiffs' MMS content via Defendants' respective wireless networks does not rise to the level of culpable intent to infringe. Similarly Defendants argue that intent cannot be imputed by Defendants' alleged "failure to block or account for the infringing activities," i.e. to filter

4

1  unauthorized transmissions of Plaintiffs' Luvdarts.  (FAC ¶¶ 46,
2  47.) The court agrees.

3      Plaintiffs maintain that the present action is analogous to
4  the facts at issue in <u>Grokster</u>.  In <u>Grokster</u>, the Supreme Court
5  held "that one who distributes a device with the object of
6  promoting its use to infringe copyright, as shown by clear
7  expression or other affirmative steps taken to foster infringement,
8  is liable for the resulting acts of infringement by third parties."
9  545 U.S. at 546.  Liability "may be predicated on actively
10 encouraging (or inducing) infringement through specific acts . . .
11 ."  <u>Id.</u> at 942 (Ginsburg, J., concurring).

12     Here, however, Plaintiffs have not alleged that Defendants'
13 networks was designed with the "object of promoting" infringement
14 of Plaintiffs' copyright; nor have Plaintiffs alleged a "clear
15 expression," "other affirmative steps," or "specific acts" taken by
16 Defendants that actively encourage or induce infringement.  <u>Id.</u> at
17 546, 942.  Plaintiffs have also not alleged that Defendants
18 undertook "any substantial promotional or advertising efforts to
19 encourage [infringing activity]." <u>Amazon.com,</u> 508 F.3d at 1173.
20 Rather, it is undisputed that Defendants engage in "the equivocal
21 conduct of selling an item with substantial lawful as well as
22 unlawful uses." <u>Id.</u> at 932-33.  Because Defendants' wireless
23 networks are "capable of noninfringing uses," and "in the absence
24 of other evidence of intent," this court is "unable to find
25 contributory infringement liability merely based on a failure to
26 take affirmative steps to prevent infringement." <u>Id.</u> at 939 n.12.

27     For these reasons, the court concludes that Plaintiffs have
28 not alleged a plausible claim that Defendants have induced

1  infringement of Plaintiffs' copyright.  Because Plaintiffs cannot

2  plead a plausible claim for inducement or contributory negligence,

3  the court GRANTS Defendants' motion to dismiss this claim with

4  prejudice.

5      **B. Vicarious liability**

6      "To state a claim for vicarious copyright infringement, a

7  plaintiff must allege that the defendant has (1) the right and

8  ability to supervise the infringing conduct and (2) a direct

9  financial interest in the infringing activity."  Perfect 10, Inc.

10 v. Visa Int'l Serv., Ass'n, 494 F.3d 788, 802 (9th Cir. 2007).

11     "[A] defendant exercises control over a direct infringer when

12 he has both a legal right to stop or limit the directly infringing

13 conduct, as well as the practical ability to do so."  Id. at 1173.

14 Here, Plaintiffs have not plausibly alleged that Defendants have

15 the right or ability to filter the content transmitted on their

16 wireless networks.  Furthermore, Defendants point out that

17 Plaintiffs designed their Luvdarts MMS content several years after

18 Defendants designed their MMS network system.  Accordingly,

19 Defendants argue that they do not have an affirmative duty to

20 redesign their respective wireless networks in response to

21 Plaintiffs' superceding technological developments and Luvdarts

22 product.  (Def's Motion 15:25-27-16:1-9.)  The court agrees.

23     The court has considered the authority cited by Plaintiffs in

24 support of their position; the court, however, concludes that the

25 situation in this case is more analogous to that of the web browser

26 Google at issue in Amazon.com than it is to the music-sharing

27 service Napster at issue in Napster.  Compare Amazon.com, Inc., 508

28

6

1    F.3d at 1174, with Napster, 239 F.3d at 1011-14.  In Napster, the

2    court found that users infringed the plaintiffs' reproduction and

3    distribution rights through their use of Napster's proprietary

4    music-file sharing system.  239 F.3d at 1011-1014.  In concluding

5    that Napster was vicariously liable, the court in that case found

6    it significant that Napster had "a closed system requiring user

7    registration, and could terminate its users' accounts and block

8    their access to the Napster system," because "Napster had the right

9    and ability to prevent its users from engaging in the infringing

10   activity."  Id. 1023-24.  By contrast, the Ninth Circuit in

11   Amazon.com found that the plaintiff in that case did not show that

12   web browser Google was vicariously liable for infringing conduct

13   taking place on third-party websites because "Google cannot stop

14   any of the third-party websites from reproducing, displaying, and

15   distributing unauthorized copies of [copyright protected] images .

16   . . ."  508 F.3d at 1174.

17       Here, Defendants are wireless carries, and they offer a broad

18   service.  Plaintiffs have not alleged that Defendants can monitor

19   or control the content that is transmitted by third parties on

20   Defendants' networks.  Accordingly, the court concludes that, like

21   the web browser Google, Defendants "lack[] the practical ability to

22   police the third-party [] infringing conduct."  Id.  The court is

23   not aware of any authority that would require Defendants to

24   retrofit their general purpose network to accommodate technology

25   later developed by a third-party for the purpose of being

26   transmitted with that very technology.  Finally, Plaintiffs'

27   general allegation that Defendants profit from the transmission of

28   MMS messages over Defendants networks and that some of those

7

transmissions may include infringing activity, of which Defendants
have no particular knowledge, is insufficient to create an
allegation of direct financial interest in the infringing activity.

Because Plaintiffs cannot plead a plausible claim for
vicarious copyright infringement, the court GRANTS Defendants'
motion to dismiss this claim with prejudice.

**IV.  Conclusion**

For the foregoing reasons, the court GRANTS Defendants' motion
to dismiss.  Plaintiffs' FAC is DISMISSED with prejudice because
further amendment would be futile.

IT IS SO ORDERED.

Dated: March 17, 2011

DEAN D. PREGERSON
United States District Judge